Wrobel Markham LLP
Attorneys for Plaintiff William Craig
1407 Broadway, Suite 4002
New York, NY 10018
(212) 421-8100

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

WILLIAM H. CRAIG,

        Plaintiff,

- against -

IEH CORPORATION,

        Defendant.
-------------------------------------------------------------------x

Case No. 1:24-cv-2015

COMPLAINT

Plaintiff William H. Craig ("Plaintiff"), by and through his attorneys, Wrobel Markham LLP, as and for his Complaint against defendant IEH Corporation ("IEH") alleges as follows:

## **PARTIES**

1. Plaintiff is the former Chief Financial Officer ("CFO") and Treasurer of Defendant IEH.

2. Plaintiff is, and was at all relevant times, a resident of Chatham, New Jersey.

3. Defendant IEH is engaged in the business of designing, developing, and manufacturing printed circuit and plastic circular connectors for high performance application utilizing the HYPERBOLOID contact design.

4. Upon information and belief, Defendant IEH is a New York corporation with a principal place of business in Brooklyn, New York.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff is a citizen of New Jersey and Defendant is a citizen of New York.

6. The Court has personal jurisdiction over Defendant IEH because IEH is incorporated in the State of New York and maintains its principal place of business in the State of New York.

7. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Defendant IEH resides in this District and is subject to the Court's personal jurisdiction with respect to this action.

## FACTS

8. On August 27, 2020, Plaintiff entered into an employment agreement with Defendant IEH to serve as its CFO and Treasurer, effective August 28, 2020, following the filing of Defendant IEH's Annual Report on Form 10-K with the U.S. Securities and Exchange Commission ("SEC") for the fiscal year ending March 31, 2020, and upon the official retirement date of the then CFO and Treasurer, Robert Knoth ("Knoth").

9. On July 1, 2022, Plaintiff entered into a new employment agreement with Defendant IEH whereby Plaintiff would continue to serve as CFO and Treasurer of IEH (the "Agreement") at a base salary of $247,200 per annum.

10. Under the Agreement, Plaintiff was eligible to receive an annual bonus for each fiscal year of employment based on certain performance targets and other key objectives established by the Compensation Committee of the Board of Directors of Defendant IEH.

11. Under the Agreement, Plaintiff was eligible to receive equity or performance awards pursuant to any long-term incentive compensation plan adopted by the Committee or the Board of Directors during the term of the Agreement.

12. Under the Agreement, Plaintiff was to receive cash bonuses at the discretion of the Compensation Committee of the Board of Directors for each fiscal year of employment and based on certain performance targets and other key objectives established by the Compensation Committee.

13. The Agreement provided for the payment of severance pay to Plaintiff and continued participation in health and welfare plans for up to 24 months in the case of Plaintiff's termination without cause or a change of control of the company.

14. On May 3, 2023, Plaintiff notified Defendant IEH's President and Chief Executive Officer ("CEO") Dave Offerman ("Offerman") via email that he was resigning from his position as CFO and Treasurer effective May 17, 2023.

15. In that email, Plaintiff stated:

> Dave: A recruiter friend (and neighbor) called me last week with a CFO position he was working. Last Saturday I went for an interview. This morning they made an offer, which I accepted. This is me giving two weeks notice. I would strongly suggest we keep this between us for the time being. It will make it difficult to get things done when it becomes "public". And at IEH everything is public. *I enjoyed working here, but I have been cleaning this up for three years, and there is no end in sight. I need to make a change.*

(*Emphasis added*).

16. Following Plaintiff's notice of resignation, Offerman, as well as Defendant IEH's outside counsel, Steven Glauberman, Esq. ("Glauberman"), emailed Plaintiff and requested that he provide additional language to his notice of resignation.

17. Specifically, Offerman and Glauberman requested that Plaintiff execute the following statement:

> I, William H. Craig, hereby submit my resignation as Chief Financial Officer and Treasurer of IEH Corporation (the "Company"). This letter serves as my absolute and unconditional resignation, effective as of May 17, 2023. My decision to resign from the Company does not arise or result from any disagreement with the Company, or on any matters relating to the Company's operations, policies or practice. I am submitting my resignation to pursue another business opportunity.

18. Plaintiff declined their request and did not consent to adding any additional language to his May 3, 2023, email resignation.

19. Plaintiff specifically took issue with Defendant IEH's representation that his decision to resign from IEH "does not arise or result from any disagreement with the Company, or on any matters relating to the Company's operations, policies or practice. I am submitting my resignation to pursue another business opportunity."

20. Nevertheless, Defendant IEH filed its Form 8-K with the SEC on May 17, 2023, with the following statement:

> Item 5.02 Departure of Directors or Certain Officers.
>
> William H. Craig ("Mr. Craig"), who served as the Chief Financial Officer and Treasurer of IEH Corporation (the "Company") informed Mr. Dave Offerman, the President and Chief Executive Officer of the Company, that he was resigning from his position as Chief Financial Officer and Treasurer of the Company, effective May 17, 2023.
>
> *<u>In informing Mr. Offerman of his decision, Mr. Craig advised that his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices</u>*. Mr. Craig was instead resigning to pursue an unrelated business opportunity.

(*Emphasis added*).

21. Plaintiff never advised anyone at Defendant IEH – and specifically never advised Mr. Offerman – that "his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices."

22. To the contrary, Plaintiff resigned precisely because of his disagreement with Defendant IEH's operations, policies, and practices.

23. Indeed, Plaintiff specifically stated in his May 3, 2023, resignation notice: "*I enjoyed working here, but I have been cleaning this up for three years, and there is no end in sight. I need to make a change.*"

24. In particular, at the time of Plaintiff's resignation in May 2023, Defendant IEH had failed to file a correct SEC filing since June 2019.

25. At that time, two 10Qs and Defendant IEH's 10K for fiscal year ending March 31, 2020, were being restated, and there had been no other filings.

26. Additionally, at that time, Defendant IEH was approximately three years delinquent in its SEC filings and the SEC was threatening deregistration.

27. Moreover, trading of Defendant IEH shares had largely stopped at that time.

28. In short, the situation at Defendant IEH was, and continues to be, dire.

29. On June 12, 2023, Plaintiff, through counsel, notified Defendant IEH that, among other things, its May 17, 2023, Form 8-K describing his departure from IEH is false and misleading.[1]

30. Plaintiff, through counsel, demanded that IEH immediately retract and correct its statement that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his

---

[1] Plaintiff also demanded certain accrued compensation owed him under the Agreement in his June 12, 2023, correspondence with Defendant IEH. Plaintiff's accrued compensation remains outstanding, and Plaintiff is initiating mediation and arbitration proceedings to recover same per the terms of the Agreement simultaneous with this action.

5

resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices" and that "Mr. Craig was instead resigning to pursue an unrelated business opportunity" on IEH's Form 8-K.

31. Plaintiff stated that he never advised anyone at IEH, including Offerman, that "his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices."

32. Plaintiff further stated that he in fact resigned precisely because of his disagreement with IEH's operations, policies, and practices as described above.

33. Defendant IEH, however, refused to correct or retract any statements about Plaintiff in its Form 8-K.

34. By letter dated June 30, 2023, Plaintiff, through counsel, renewed his demand that Defendant IEH retract and correct its false and misleading statements about him and the circumstances surrounding his resignation in its Form 8-K.

35. Defendant IEH again refused to correct or retract any statements about Plaintiff in its Form 8-K filing.

36. Defendant IEH's false and misleading statements about Plaintiff and the circumstances surrounding his resignation as stated in IEH's Form 8-K exposes Plaintiff to liability and risks impairing his professional reputation given the mismanagement and overall lack of any business acumen at Defendant IEH described herein.

37. Indeed, several IEH shareholders have contacted Plaintiff since his resignation and expressed concern regarding the state of IEH and the circumstances of his resignation.

38. Plaintiff has at all times complied with all terms of his Agreement with Defendant IEH.

39. Defendant IEH's false and misleading statements about Plaintiff and the circumstances surrounding his resignation in a public filing with the SEC – namely the May 17, 2023, Form 8-K filing – not only exposes Plaintiff to future liability in the form of both SEC and/or shareholder actions but also risks impairing his professional reputation and ability to earn a living.

40. By letter dated August 24, 2023, Plaintiff's counsel advised Defendant IEH that due to IEH's adamant refusal to retract and correct its false and misleading statements about him and the circumstances of his resignation in IEH's May 17, 2023, Form 8-K, Plaintiff would himself be notifying the SEC of his objection to the language of IEH's Form 8-K, the falsity of same, and IEH's refusal to retract and correct the Form 8-K.

41. Plaintiff now asserts claims against Defendant IEH for defamation and, alternatively, prima facie tort, and seeks issuance of a mandatory injunction directing Defendant IEH to retract and correct the false and misleading statements about him and the circumstances of his resignation that IEH knowingly made in its May 17, 2023, Form 8-K public filing with the SEC.

## COUNT I
**(Defamation)**

42. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 above as set forth at length herein.

43. Defendant IEH made knowingly false and misleading statements about Plaintiff and the terms and circumstances of his resignation in its May 17, 2023, Form 8-K public filing with the SEC.

44. Specifically, Defendant IEH falsely stated on its Form 8-K filing with the SEC that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his resignation *was not*

7

*the result of any disagreement with the Company relating to the Company's operations, policies or practices*" and that "Mr. Craig was instead resigning to pursue an unrelated business opportunity." (*Emphasis added*).

45. In fact, Plaintiff never advised anyone at IEH, including Offerman, that "his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices," and specifically refused all requests by Defendant IEH that he amend his May 3, 2023, resignation to include such language.

46. Defendant IEH made these false and misleading statements about Plaintiff over his objections without his consent and/or authorization on a public filing with the SEC, namely its May 17, 2023, Form 8-K.

47. As a result, Plaintiff faces damage to his professional reputation and ability to earn a living.

48. Plaintiff is also exposed to liability in the form of both SEC and/or shareholder actions as a result of Defendant IEH's false statements about him on the Form 8-K.

49. Indeed, several IEH shareholders have contacted Plaintiff and expressed concern regarding the state of IEH and his resignation.

50. To date, Defendant IEH has refused all demands by Plaintiff to retract and correct the false and misleading statements that IEH knowingly made about Plaintiff and the circumstances of his resignation on its May 17, 2023, Form 8-K filing with the SEC.

51. Defendant IEH's false and misleading statements about Plaintiff constitute defamation per se.

52. Wherefore, Plaintiff seeks judgement in his favor and against Defendant IEH in an amount to be determined at trial and exceeding $75,000.00.

## COUNT II
### (Prima Facie Tort)

53. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 52 above as set forth at length herein.

54. Defendant IEH requested that Plaintiff amend his May 3, 2023, resignation notice to include specific language that "my decision to resign from the Company does not arise or result from any disagreement with the Company, or on any matters relating to the Company's operations, policies or practice.

55. Plaintiff, however, refused to amend his May 3, 2023, resignation to include any such language.

56. Defendant IEH nevertheless included in its Form 8-K false and misleading statements that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his resignation *was not the result of any disagreement with the Company relating to the Company's operations, policies or practices*" and that "Mr. Craig was instead resigning to pursue an unrelated business opportunity." (*Emphasis added*).

57. Defendant IEH made these false and misleading statements over Plaintiff's objections and without his consent and/or authorization.

58. Defendant IEH has refused all demands by Plaintiff to retract and correct these false and misleading statements about him and the terms of his resignation.

59. Defendant IEH's false and misleading statements in the Form b-K about Plaintiff – and its refusal to correct same – are subterfuge intended to inflict harm on Plaintiff and to implicate him (albeit falsely) in the event of future censure and/or liability.

60. As a result, Plaintiff faces damage to his professional reputation and ability to earn a living.

61. Plaintiff also faces liability in the form of both SEC and/or shareholder actions as a result of Defendant IEH's false and misleading statements about him, the circumstances of his resignation and the implications of same.

62. Defendant IEH's actions and false statements are without excuse or justification.

63. Wherefore, Plaintiff seeks judgement in his favor and against Defendant IEH in an amount to be determined at trial and exceeding $75,000.00.

## COUNT III
### (Permanent Mandatory Injunction)

64. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 63 above as set forth at length herein.

65. Absent the issuance of a mandatory injunction directing Defendant IEH to retract and correct the false and misleading statements that IEH knowingly made to the SEC on its Form 8-K that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices" and that "Mr. Craig was instead resigning to pursue an unrelated business opportunity," Plaintiff will suffer irreparable harm and be exposed to liability in the form of both SEC and shareholder actions resulting from IEH's failing operations, policies and practices.

66. Plaintiff will also suffer irreparable harm to his professional reputation and ability to earn a living as Defendant IEH's false and misleading statements about his resignation implicate Plaintiff as in consonance with IEH's delinquent and/or missing SEC filings and other business failings detailed herein.

67. Plaintiff's exposure to liability and censure, as well as the risk to his professional reputation, as a result of Defendant IEH's refusal to retract and correct its Form 8-K is (and will remain) in actual and imminent danger absent injunctive relief.

10

68. These risks are neither remote nor speculative.

69. Plaintiff has no remedy at law.

70. The balance of hardships here favors Plaintiff. Defendant IEH knowingly made false and misleading statements about Plaintiff and the circumstances surrounding his resignation in its Form 8-K filing with the SEC. Plaintiff did not consent to Defendant IEH's characterization of his resignation and in fact specifically refused to add to his resignation letter any statement that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices" and/or that "Mr. Craig was instead resigning to pursue an unrelated business opportunity." Defendants IEH nevertheless included these false and misleading statements in its May 17, 2023, Form 8-K, and has repeatedly refused to retract and correct these statements upon Plaintiff's demand.

71. Issuance of the requested injunctive relief poses no disservice to the public interest.

72. Issuance of a mandatory injunction is proper where a party, like Defendant IEH, is engaged in continuous unlawful conduct.

73. Moreover, where a party acts deliberately and intentionally, a mandatory injunction requiring a party to cease is likewise proper.

74. Accordingly, Plaintiff respectfully requests the issuance of a permanent mandatory injunction directing Defendant IEH to correct its May 17, 2023, Form 8-K with the SEC and remove any and all statements and or characterizations that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies or practices" and

11

that "Mr. Craig was instead resigning to pursue an unrelated business opportunity" as well as any such other and further relief the Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendant and grant him the following relief:

(a) An award of damages against Defendant in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages;

(b) An award of damages against Defendant in an amount to be determined at trial to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe emotional and psychological trauma and physical distress;

(c) An award of punitive damages against Defendant in an amount to be determined at trial;

(d) Prejudgment interest on all amounts due;

(e) An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law;

(f) Issuance of a permanent mandatory injunction directing Defendant IEH to correct its May 17, 2023, Form 8-K with the SEC and remove any and all statements and or characterizations regarding Plaintiff's resignation, and specifically remove any and all statements that "[i]n informing Mr. Offerman of his decision, Mr. Craig advised that his resignation was not the result of any disagreement with the Company relating to the Company's operations, policies

or practices" and that "Mr. Craig was instead resigning to pursue an unrelated business opportunity;" and

(g)  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

New York, New York
March 19, 2024

WROBEL MARKHAM LLP

By: *Daniel F. Markham*
    Daniel F. Markham
    Jodie Gerard
1407 Broadway, Suite 4002
New York, New York 10018
Tel: (212) 421-8100
*Attorneys for Plaintiff William H. Craig*